Anthony J. SABELLA, Appellant

v.

ESTATE OF Gus MILIDES, Mary Shannon, Personal Representative and Barbara Rush Renkert, Appellees.

Superior Court of Pennsylvania.

Argued June 23, 2009.

Filed March 25, 2010.

Anthony J. Sabella, appellant, pro se.

Paul C. Troy, Norristown, for appellee.

Arnold Machles, Bala Cynwyd, Amicus Curiae.

BEFORE: FORD ELLIOTT, P.J., BENDER, and GANTMAN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Anthony J. Sabella, asks us to determine whether the trial court erred in denying his petition to strike the judgment of *non pros* entered in the Northampton Country Court of Common Pleas in favor of Appellees, Estate of Gus Milides, Mary Shannon, Personal Representative, and Barbara Rush Renkert (collectively "Appellee"), based on Appellant's failure to file a certificate of merit under Pa.R.C.P. 1042.3. We hold the court erred in denying Appellant's motion to strike the judgment of *non pros,* entered for failure to file a certificate of merit, where this case was not one of professional liability that required a certificate of merit. Accordingly, we reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this matter are as follows. On March 16, 1993, Paul and Colleen Abahazy filed a civil suit against RT & T Enterprises, Inc. ("RT & T") for personal injuries. On February 9, 1994, RT & T conveyed a deed of property to Appellant. On August 21, 1997, Appellant transferred the deed to John Fedele and John T. Sabella. On March 19, 2003, verdicts were entered against RT & T in favor of Paul and Colleen Abahazy totaling $865,000.00.

¶ 3 On January 9, 2004, Appellee filed a civil suit against Appellant on behalf of Paul and Colleen Abahazy. Appellee's complaint alleged Appellant knowingly participated or was involved in a fraudulent transfer of property in violation of the Uniform Fraudulent Transfer Statute at 12 P.S. § 5109. On April 7, 2004, Appellant filed preliminary objections. On June 15, 2004, Appellee filed a *praecipe* for satisfaction and termination of the civil suit, indicating the "suit is Settled, Discontinued, Ended *WITH* Prejudice and costs paid."

¶ 4 On April 3, 2006, Appellant filed a *praecipe* for a writ of summons in the present case. Appellant filed a complaint on August 30, 2007:

[W]herein it appears [Appellant] asserts a cause of action for abuse of process and wrongful use of civil proceedings against the Estate of Gus Milides, Mary Shannon as personal representative of said estate, and Barbara Rush Renkert. . . .

In his Complaint, [Appellant] avers [Appellee] had formerly filed a Complaint against [Appellant] that was:

"entirely without merit, was frivolous, was baseless, was unsupported by and contrary to the facts, was unsupported by and contrary to the public records of this Court, was unsupported by and contrary to the provisions of the Pennsylvania Uniform Fraudulent Transfer Statute 12 P.S. § 5101, *et seq.,* and was filed to harm [Appellant] personally and financially." ([Appellant's] Comp. ¶ 12).

In response to [Appellant's] Complaint, [Appellee] filed Preliminary Objections . . . which this court later [overruled] in part, and [sustained] in part, on January 16, 2008. Thereafter, on February 4, 2008, [Appellee] filed an Answer and New Matter in accord with this Court's Order and Opinion of January 16, 2008. However, on February 7, 2008, [Appellee] filed a *Praecipe* for Entry of Judgment of *Non Pros* pursuant to Rule 1042.6 of the Pennsylvania Rules of Civil Procedure, and on that same day, the Prothonotary [entered the *non pros* judgment].

The instant dispute arises from [Appellant's] Motion to strike the aforesaid Judgment of *Non Pros* entered on February 7, 2008 and [Appellant's] Motion for Sanctions against [Appellee's attorney]. On May 27, 2008 and June 24, 2008, this court heard argument from the ... parties on [Appellant's] Motion to Strike Judgment of *Non Pros* and Motion for Sanctions. After hearing ... argument and following review of the pleadings, briefs in support thereof, and all relevant legal precedent, this Court finds the instant matter ready for disposition. In so finding, this Court DENIES both [Appellant's] Motion to Strike Judgment of *Non Pros* entered on March 7, 2008 and [Appellant's] Motion for Sanctions.

(Trial Court Opinion and Order, dated August 5, 2008, and entered August 7, 2008, at 1–2). On August 26, 2008, Appellant filed a timely notice of appeal. On October 9, 2008, the court ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 21, 2008.

¶ 5 On appeal, Appellant raises eleven (11) issues for our review:

DID APPELLEE WAIVE THE APPLICATION, IF ANY, OF FORMER PA.R.C.P. 1042.6 UNDER PA.R.C.P. 1032(A) AND 1042.2 AND THE NOTE ACCOMPANYING IT BY FILING THEIR PRELIMINARY OBJECTIONS, BRIEF IN SUPPORT THERETO, ATTENDING ORAL ARGUMENT THEREOF, AND FILING THEIR ANSWER AND NEW MATTER WITHOUT PREVIOUSLY ASSERTING THAT THE COMPLAINT IS A PROFESSIONAL LIABILITY ACTION?

DID THE ENTRY OF THE *EX PARTE* JUDGMENT OF *NON PROS* PURSUANT TO THE *EX PARTE PRAECIPE* FOR ENTRY OF JUDGMENT OF *NON PROS* UNDER FORMER PA.R.C.P. 1042.6 VIOLATE APPELLANT'S DUE PROCESS RIGHTS TO NOTICE AND AN OPPORTUNITY TO BE HEARD PRIOR TO THE ENTRY OF JUDGMENT?

DID THE ENTRY OF THE *EX PARTE* JUDGMENT *NON PROS* UNDER FORMER PA.R.C.P. 1042.6 VIOLATE APPELLANT'S DUE PROCESS RIGHTS TO NOTICE AND AN OPPORTUNITY TO BE HEARD PRIOR TO THE ENTRY OF JUDGMENT IN VIOLATION OF ARTICLE V, SECTION 10(C) OF THE PENNSYLVANIA CONSTITUTION AND 42 PA. C.S.A. § 1722?

DID THE *EX PARTE* JUDGMENT OF *NON PROS* UNDER FORMER PA.R.C.P. 1042.6 DEPRIVE APPELLANT OF HIS RIGHT TO FILE A REPLY TO APPELLEE'S NEW MATTER AUTHORIZED BY PA.R.C.P. 1017(A)(2) AND GIVE APPELLEE TWO (2) PRELIMINARY OBJECTIONS IN VIOLATION OF PA.R.C.P. 1028(B), 42 PA.C.S.A. § 1722, AND ARTICLE V, SECTION 10(C) OF THE PENNSYLVANIA CONSTITUTION?

IS THE COMPLAINT A PROFESSIONAL LIABILITY ACTION WHEN THERE WAS NEVER ANY PRIVITY OF CONTRACT [OR] A PROFESSIONAL OR ATTORNEY–CLIENT RELATIONSHIP BETWEEN APPELLANT AND APPELLEE?

DID APPELLEE'S REPRESENTATION OF THE ABAHAZYS IN THEIR SUIT AGAINST APPELLANT RESULT IN THE COMPLAINT BEING A PROFESSIONAL LIABILITY CLAIM AGAINST APPELLEE?

DO CLAIMS FOR ABUSE OF PROCESS AND WRONGFUL USE OF

CIVIL PROCEEDINGS REQUIRE A PROFESSIONAL ATTORNEY–CLIENT RELATIONSHIP AND GROSS NEGLIGENCE?

DID THE TRIAL COURT FAIL TO APPLY THE "OR WITHOUT PROBABLE CAUSE" REQUIREMENT OF A CLAIM UNDER 42 PA.C.S.A. § 8351 AND INSTEAD CREATE A NON–EXISTENT NON-[PLED] ELEMENT OF GROSS NEGLIGENCE?

IS THE COMPLAINT BASED UPON UNPLEADED ALLEGATIONS THAT APPELLEE DEVIATED FROM AN ACCEPTABLE PROFESSIONAL STANDARD AND AVERS GROSS NEGLIGENCE WHEN IT ASSERTS INTENTIONAL CONDUCT BY APPELLEE AND ASSERTS CAUSES OF ACTION FOR TWO INTENTIONAL TORTS ABUSE OF PROCESS AND WRONGFUL USE OF CIVIL PROCEEDINGS?

DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S] MOTION FOR SANCTIONS AGAINST [APPELLEE'S ATTORNEY] FOR FILING A FALSE AND FRAUDULENT CERTIFICATION TO THE COURT IN HIS *EX PARTE PRAECIPE* FOR JUDGMENT *NON PROS* UNDER FORMER PA.R.C.P. 1042.6 DATED FEBRUARY 6, 2008?

SHOULD THE TRIAL COURT HAVE RECUSED ITSELF *SUA SPONTE* AS REQUIRED BY CANONS 2 AND 3(C)(1) OF THE CODE OF JUDICIAL CONDUCT TO AVOID JUDICIAL IMPROPRIETY, THE APPEARANCE OF JUDICIAL IMPROPRIETY, AND THE APPEARANCE OF JUDICIAL FAVORITISM AS A RESULT OF ITS SOCIAL RELATIONSHIPS AND BUSINESS TRANSACTIONS WITH GUS MILIDES AND HIS ESTATE DURING THE PENDENCY OF THIS ACTION?

(Appellant's Brief at 1–3).

¶ 6 Review of Appellant's claims implicate the following principles:

[A] trial court's interlocutory order denying a petition to open and/or strike a judgment of *non pros* is immediately appealable "as of right pursuant to Pa. R.A.P. 311(a)(1) (stating orders refusing to open, vacate or strike off judgment are appealable as of right)." *Smith v. Friends Hosp.*, 928 A.2d 1072, 1074 n. 1 (Pa.Super.2007). *See also Krauss v. Claar*, 879 A.2d 302, 303 n. 4 (Pa.Super.2005), *appeal denied*, 586 Pa. 713, 889 A.2d 1217 (2005). Accordingly, Appellant's claims challenging the court's refusal to ... strike the judgment of *non pros* are properly before us for review.

Pennsylvania Rule of Civil Procedure 1042.6,[2] which authorizes entry of a judgment of *non pros* for failure to file a certificate of merit, provides:

----

2 Renumbered as Rule 1042.7 by order of June 16, 2008, immediately effective. The Historical Notes to Rules 1042.1 through 1042.9 provide: "The new and amended rules shall apply to all pending actions in which a judgment of *non pros* for failure to file a certificate of merit has not been entered by the effective date." Here, the judgment of *non pros* was entered ... before the effective date of the amended rules. Therefore, the prior version of the rule applies to this case.[1]

**Rule 1042.6. Entry of Judgment of *Non Pros* for Failure to File Certification.**

1. Similarly, the judgment of *non pros* in the present case was entered on February 7, 2008, which also predated the amendment.

(a) The prothonotary, on *praecipe* of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

\* \* \*

Pa.R.C.P. 1042.6(a). A judgment of *non pros,* entered pursuant to this rule, is also subject to equitable considerations under Pa.R.C.P. 3051, which governs relief from a judgment of *non pros,* whether entered upon *praecipe* or by the court. *Womer v. Hilliker,* 589 Pa. 256, 272, 908 A.2d 269, 279 (2006). The Rule provides as follows:

> **Rule 3051. Relief from Judgment of *Non Pros***
>
> \* \* \*
>
> (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
> (1) the petition is timely filed,
>
> (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
>
> (3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b). "[T]he ruling that a trial court makes under Pa.R.C.P. 3051 is reviewed on appeal for an abuse of discretion." *Womer, supra.*

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.,* 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted).

*French v. Commonwealth Associates, Inc.,* 980 A.2d 623, 628 (Pa.Super.2009).

¶ 7 For purposes of disposition, we combine Appellant's issues. Appellant essentially argues Pennsylvania law did not require him to file a certificate of merit to pursue his claims for abuse of process and wrongful use of civil proceedings against Appellee. Appellant contends his causes of action are based upon misconduct stemming from the filing of a frivolous civil suit against Appellant, which was intended to harm him both personally and financially. Appellant acknowledges the necessity of a certificate of merit in a "professional liability" case, but maintains a certificate of merit is not required in his abuse of process or wrongful use of civil procedure action. Appellant emphasizes he has no attorney-client relationship with Appellee. On these grounds, Appellant alleges the trial court erred when it found his claims were rooted in professional liability and mandated a certificate of merit simply because the claims were asserted in part against an attorney. Appellant concludes this Court must reverse the order denying his petition to strike the judgment of *non pros* and remand the case for further proceedings. For the following reasons, we agree.

¶ 8 The applicable version of Pennsylvania Rule of Civil Procedure 1042.3 provided in pertinent part:

> **Rule 1042.3. Certificate of Merit**
>
> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certifi-

cate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

\* \* \*

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

\* \* \*

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

\* \* \*

Pa.R.C.P. 1042.3(a).[2]

¶ 9 We further observe:

> [O]ur [S]upreme [C]ourt [has] adopted ... rules governing liability actions against licensed professionals. Rule 1042.3 provides that in an action based on an allegation that a licensed professional deviated from an acceptable professional standard, the plaintiff's attorney shall file a certificate of merit with the complaint or within **60 days** after the filing of the complaint. The certificate certifies that another appropriate licensed professional has supplied a written statement that

there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. A separate certificate must be filed as to each licensed professional named in the complaint. Under Rule 1042.3(d), the court upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed 60 days. This rule does not impose any restrictions on the number of extension orders that the court may enter.

If a plaintiff fails to file either a certificate of merit within the required time or a request for an extension, Rule 1042.6 provides that the prothonotary, on *praecipe* of the defendant, shall enter a judgment of *non pros* against the plaintiff.

*Hoover v. Davila*, 862 A.2d 591, 593 (Pa.Super.2004) (internal citations omitted) (emphasis added).

*French, supra* at 630.

¶ 10 Rule 1042.1[3] specifically stated: "The rules of this chapter govern a civil action in which a professional liability claim is asserted against a licensed professional." Pa.R.C.P. 1042.1; *Krauss, supra.* A licensed professional includes an "attorney at law." *See* Pa.R.C.P. 1042.1(b)(2).

 ¶ 11 To maintain a cause of action in negligence for legal professional malpractice, the complainant must demonstrate:

---

**2.** Rule 1042.3 was amended effective June 16, 2008.

**3.** Rule 1042.1 was also amended effective June 16, 2008 and internally reorganized.

Nevertheless, for our purposes, the consequence is the same as the pertinent version of the rule.

1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027, 1029 (1998). Our Supreme Court stated:

> An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm. Damages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of damages. In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a "case within a case").

*Id.* at 281, 714 A.2d at 1030 (citation omitted).

*Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1184 (Pa.Super.2000), *appeal denied*, 568 Pa. 665, 795 A.2d 978 (2000). *See also Nelson v. Heslin*, 806 A.2d 873, 876 (Pa.Super.2002), *appeal denied*, 574 Pa. 761, 831 A.2d 600 (2003) (citing *Kituskie, supra*). This Court has refused to excuse a plaintiff from filing a certificate of merit merely because the plaintiff "fails to **expressly** indicate in its complaint that it is asserting a professional liability claim, ... when, in substance, the plaintiff is actually asserting a professional liability claim." *Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1074 (Pa.Super.2006) (emphasis in original). "[I]t is the sub-stance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in ... professional malpractice." *Id.* Two questions are involved in determining whether a claim alleges ordinary negligence as opposed to professional negligence: "(1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of professional judgment beyond the realm of common knowledge and experience." *French, supra* at 631 (quoting *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 934 A.2d 100, 104–05 (Pa.Super.2007), *affirmed*, 602 Pa. 346, 980 A.2d 502 (2009)). To ascertain the plaintiff's theory of liability, courts must examine the averments in the complaint. *Id.* at 105.

¶ 12 Regarding professional malpractice:

> Our Supreme Court retained privity (an attorney-client or analogous professional relationship, or a specific undertaking) as an element of proof necessary to maintain an action in negligence for professional malpractice. The only exception being a narrow class of third party beneficiaries under Restatement (Second) of Contracts § 302 where the intent to benefit is clear and the promisee (testator) is unable to enforce the contract.

*Cost v. Cost*, 450 Pa.Super. 685, 677 A.2d 1250, 1253–54 (1996), *appeal denied*, 547 Pa. 727, 689 A.2d 233 (1997) (internal citations omitted). *Accord Krauss, supra* at 308 (holding claims against attorney for legal malpractice must be asserted by attorney's actual client, absent limited exception). If a complaint does not set forth a cause of action for legal malpractice, a certificate of merit is not required. *Id.*

¶ 13 "An action for wrongful use of civil proceedings differs from an action for abuse of process." *Hart v. O'Malley*,

436 Pa.Super. 151, 647 A.2d 542, 546 (1994). "The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it. Malicious use of civil process has to do with the wrongful initiation of such process." *Rosen v. American Bank of Rolla*, 426 Pa.Super. 376, 627 A.2d 190, 192 (1993) (internal citations omitted). "Wrongful use of civil proceedings is a tort which arises when a person institutes civil proceedings with a malicious motive and lacking probable cause." *Id.* at 191. Pennsylvania codified the tort as follows:

§ 8351. **Wrongful use of civil proceedings**

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a)(1)-(2). A successful cause of action for wrongful use of civil proceedings must prove three elements: 1) the underlying proceedings were terminated in their favor; 2) defendants caused those proceedings to be instituted against plaintiffs without probable cause; and 3) the proceedings were instituted primarily for an improper cause. *Hart, supra* at 547.

■ ¶ 14 This Court has defined the common law cause of action for abuse of process as follows:

"Abuse of process" is defined as "the use of legal process against another primarily to accomplish a purpose for which it is not designed." To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process.

*Cruz v. Princeton Ins. Co.*, 972 A.2d 14, 15 n. 1 (Pa.Super.2009) (en banc) (internal citations omitted) (reviewing disposition involving cause of action for abuse of process filed against opposing parties and their counsel arising from underlying medical malpractice case). *See also Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa.Super.2008).

The gravamen of the misconduct for which the liability stated . . . is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed. . . .

*Id.* at 1238–39 (emphasis in original).

■ ¶ 15 We also observe that claims sounding in professional liability can be pled together with claims which do not entail a deviation from a professional standard of care. *Zokaites Contracting Inc. v.*

*Trant Corp.*, 968 A.2d 1282, 1287 (Pa.Super.2009), *appeal denied*, —— Pa. ——, 985 A.2d 972 (2009) (affirming trial court's decision to open judgment of *non pros* for breach of contract claim that was distinct from professional liability claim). *See also French, supra* at 635 (vacating order dismissing complaint because trial court "failed to evaluate [a]ppellant's entire complaint to determine which counts sounded in professional negligence and which counts sounded in products liability/breach of warranty, so that only the professional negligence claims might be subject to a judgment of *non pros* for failure to file a certificate of merit"). Thus, only claims sounding in professional liability are subject to a judgment of *non pros* for failing to file a certificate of merit. *Id.* at 1289.

¶ 16 In the instant case, the trial court reasoned:

> On August 30, 2007, [Appellant] filed the instant Complaint wherein [Appellant] apparently sets forth a claim for wrongful use of civil proceedings against [Appellee] for their alleged role in filing an unfounded Complaint against [Appellant]. However, [Appellant] has not filed an accompanying certificate of merit with his Complaint. At issue in the case at bar is whether a claim for wrongful use of civil proceedings pursuant to 42 Pa.C.S.A. § 8351 requires [Appellant] to file a certificate of merit. As this [c]ourt finds [Appellant's] claim for wrongful use of civil proceedings is an action based upon an allegation that [Appellee], who are licensed professionals, deviated from an acceptable professional standard, this [c]ourt find [Appellant] has wrongfully failed to supplement his Complaint with a certificate of merit. Thus, this [c]ourt appropriately DENIES [Appellant's] Motion to Strike Judgment of *Non Pros* entered February 7, 2008.

(Trial Court Opinion, dated November 19, 2008, at 3). We respectfully disagree with this analysis.

¶ 17 Here, Appellant timely filed his petition to strike the judgment of *non pros. See* Pa.R.C.P. 3051(b)(1). The undisputed facts of this case disclose (1) Appellee conducted the alleged activity as an "attorney at law," (2) Appellant is not and has never been the actual client of Appellee, and (3) Appellant does not meet the narrow exception to the general rule of privity. *See Cost, supra.* Absent the element of privity, Pennsylvania law makes clear Appellant could not sue Appellee for legal malpractice. *See Krauss, supra; Cost, supra.*

¶ 18 Appellant's complaint purports to assert Appellee's abuse of process and wrongful use of civil proceedings against Appellant. The gist of the allegations involves actions Appellee took as opposing counsel, not as Appellant's counsel. Although Appellant's complaint might raise questions of professional judgment beyond the realm of common knowledge and experience, his cause of action did not arise from within the course of a professional relationship with Appellee. *See French, supra.* As well, some of the assertions in Appellant's complaint implicate Appellee's legal decisions and call into question various legal strategies or choices made on behalf of Appellee's clients and against Appellant, but that does not automatically make Appellant's case against Appellee one of professional liability requiring a certificate of merit. *See Cruz, supra.* Thus, the court erred in designating Appellant's case as one of professional liability. For these reasons, we hold a certificate of merit was not required in conjunction with Appellant's complaint. Therefore, Appellant had a reasonable excuse for failing to file one. *See* Pa.R.C.P. 3051(b)(2). Accordingly, the trial court erred in denying Appellant's motion to strike the judgment

of *non pros*, entered for failure to file a certificate of merit.

¶ 19 Based upon the foregoing, we hold the court erred in denying Appellant's motion to strike the judgment of *non pros*, entered for failure to file a certificate of merit, where this case was not one of professional liability that required a certificate of merit. Accordingly, we reverse and remand for further proceedings.[4]

¶ 20 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

---

**4.** On December 2, 2008, Appellee filed a motion to quash this appeal. By order entered January 14, 2009, this Court denied the motion without prejudice to Appellee to raise the issue before the panel assigned to decide the merits of the appeal. Appellee renewed its application to quash in its brief on appeal. *See* Appellee's Brief at 5, n. 2. Due to our disposition, we deny Appellee's proposal to quash.