## Hart v. Kramer.

362

*Jessica Zarzaly*, for plaintiff.
*Nancy Eshelman*, for defendant.

LACHMAN, *J.*, August 16, 2012—This opinion addresses the denial of plaintiff John Hart's petition to strike and/or open judgment of non pros at control no. 11125288, and the dismissal of his motion to place case in deferred status at control no. 11125115.

## Factual Background

Plaintiff filed a legal malpractice action against defendants Scott Kramer and The law offices of Scott L. Kramer, P.C., arising out of the defendants' representation of plaintiff in various criminal matters. A certificate of merit must be filed in such professional negligence actions. Pa.R.C.P. 1042.3(a); Pa.R.C.P. 1042.1(c)(2) ("'licensed professional' means ... an attorney at law"); *Sabella v. Milides*, 2010 Pa. Super. 48, 992 A.2d 180, 186 ("a licensed professional includes an 'attorney at law'"). On September 28, 2011, Judge William Manfredi entered an order requiring plaintiff to file certificates of merit as to each defendant within sixty days of the date of that order, i.e., November 27, 2011. He further ordered that "no further extensions shall be granted except in the event

of exceptional circumstances."

On October 20, 2011, plaintiff and the defendants entered into a stipulation extending plaintiff's time for filing the certificates of merit to December 19, 2011. If plaintiff failed to file the certificates of merit by that date, the stipulation expressly permitted the defendants to enter a judgment of non pros on December 20, 2011 or thereafter. The stipulation was ineffective in extending the time in which Judge Manfredi had ordered the certificates of merit to be filed because it was not submitted to the court for approval. Pa.R.C.P. 248 applies only to stipulations to extend the time set forth in the rules of civil procedure. Rule 248 does not authorize the parties by stipulation to modify the time set forth in a court order.[1]

On November 16, 2011, the Haverford Township Police Department executed a search warrant of the plaintiff's residence. Plaintiff alleges that the police seized and took into their custody "various documents relating to this matter." Petition ¶ 7. That same day plaintiff was arrested and incarcerated. That was 11 days before the expiration of the 60-day extension granted by Judge Manfredi to file the certificates of merit. Plaintiff's petition alleges that "prior to plaintiff being in custody, plaintiff had conversations with several experts and had supplied them with some documents." "As a result of plaintiff being taken into

---

1. The parties are free to enter into stipulations governing their relationship, as long as those stipulations do not seek to bind the court, or alter the terms of court orders, filing deadlines, and trial dates. The parties are free to bind themselves by stipulation on all matters that do not affect the jurisdiction and prerogatives of the court, and are not in contravention of peremptory statutory requirements. *Wayda v. Wayda*, 395 Pa.Super. 94, 108-109, 576 A.2d 1060, 1067 (1990); *Smith v. I.W. Levin and Co., Inc.*, 800 A.2d 374, 377 (Pa. Cmwith. 2002).

custody, plaintiff was not able to complete the retention of an expert and file a certificate of merit in a timely manner as ordered by this court." Petition ¶¶ 12, 13.

On December 12, 2011, at control no. 11125115, plaintiff filed a motion to place this matter in deferred status because he was incarcerated. Contrary to plaintiff's assertions, his motion did not "toll the time period within which a certificate of merit must be filed." Pa.R.C.P. 1042.3(d). Rule 1042.3(d) requires that the motion "to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend." The motion was filed 15 days after the expiration of Judge Manfredi's deadline for filing the certificates of merit.

Plaintiff never filed the certificates of merit. Defendants filed a praecipe for the entry of a judgment of non pros on December 20, 2011, and the judgment was entered on that date.

Plaintiff filed the present petition to strike and/or open judgment of non pros on December 30, 2011. The petition was timely filed.

### The Petition to Strike Non Pros

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered.

*Cintas Corp. v. Lee's Cleaning Services Inc.*, 549 Pa. 84, 89-90, 700 A.2d 915, 917 (1997) (case citations omitted).

Plaintiff's petition to strike the non pros is without merit. Plaintiff did not identify a specific defect on the face of the record in support of his petition, and the record does not reveal any defect. Instead, plaintiff argues that the non pros should be stricken because his complaint "contains counts for breach of contract which are not subject to any requirement that a certificate of merit be filed." Petition ¶ 18.[2]

Professional liability claims arising out of an attorney's representation of a client in criminal matters can sound in trespass and/or assumpsit. *Bailey v. Tucker*, 533 Pa. 237, 245, 621 A.2d 108, 112 (1993). A criminal legal malpractice assumpsit claim is based on breach of the attorney-client agreement and the failure "to provide that client with professional services consistent with those expected of the profession at large." *Id.*, at 251-252, 621 A.2d at 115.

Counts II, VI, IX, and XII in plaintiff's complaint

---

2. Plaintiff filed a motion to determine necessity to file a certificate of merit on September 2, 2011, at control no. 11095011. Plaintiff's motion did not allege that there were counts of his complaint that did not require certificates of merit. Judge Manfredi's September 28, 2011, order regarding that motion stated: "Plaintiff shall file a certificate of merit as to each defendant within sixty (60) days of the date of this order."

are entitled "breach of contract." Each count merely incorporates by reference the negligence claims in the preceding counts and states that the "defendants breached the contract with plaintiff." ¶¶ 32, 74, 106, 134. The negligence claims incorporated in all of the breach of contract counts of the complaint allege that the defendants deviated from an acceptable professional standard of care. The gist of each count — negligence and breach of contract — sounds in tort, not contract. "It is the substance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in...professional malpractice." *Sabella v. Milides*, 2010 Pa. Super. 48, 992 A.2d 180, 187. Consequently, a certificate of merit was required for counts II, VI, IX, and XII. Pa.R.C.P. 1042.3(a).

Plaintiff's motion to strike was denied because plaintiff did not prove there was "a fatal defect or irregularity appearing on the face of the record." Cintas, 549 Pa. at 89, 700 A.2d at 917.

## The Petition to Open Non Pros

Plaintiff's petition to open the non pros is without merit. "A petition to open a judgment is an appeal to the equitable powers of the court. It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion." *Cintas*, 549 Pa. at 93, 700 A.2d at 918. This issue is governed by Pa.R.C.P. 3051 which requires that a petition to open a judgment of non pros must set forth facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b). Accord, *Cintas*, 549 Pa. at 93, 700 A.2d at 918.[3]

Although the petition was timely filed, it does not explain in sufficient detail why plaintiff was unable to file the certificates of merit by November 27, 2011. Furthermore, the docket reflects that plaintiff has not filed the certificates of merit by the date of this opinion, more than six months after the November 27, 2011, deadline.

Lastly, plaintiff's complaint does not set forth a meritorious cause of action. A client suing his attorney for defective representation in a criminal proceeding must allege and prove the following elements:

(1) The employment of the attorney;

(2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;

(3) The attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges.

---

3. The non pros in the present case was entered pursuant to rule 1042.7. The special provisions relaxing the requirements for opening of a judgment of non pros set forth in Pa.R.C.P. 237.3 apply only to relief from a judgment of non pros entered pursuant to rule 1037(a). See *Note* following rule 1042.7(4), and *Note* following rule 3051(b).

(4) As a result of the injury, the criminal defendant/ plaintiff suffered damages.

(5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error..,,

*Bailey v. Tucker*, 533 Pa. 237, 250-251 621 A.2d 108, 115 (1993). The plaintiff must also allege and prove "that he did not commit any unlawful acts with which he was charged as well as any lesser offenses included therein." *Id.*, at 251 n.12, 621 A.2d at 115 n.12.

Plaintiff's complaint does not allege that he "has pursued post-trial remedies and obtained relief which was dependent upon attorney error." Plaintiff's complaint also fails to allege that he "did not commit any unlawful acts with which he was charged as well as any lesser offenses included therein." The complaint is legally deficient and does not state a meritorious caused of action.

## Motion to Place This Case in Deferred Status

The court denied the plaintiff's motion to place this case in deferred status as moot because this case is over. This case was terminated by the December 20, 2011, praecipe to enter judgment of non pros in favor of defendants Scott Kramer and The Law Offices of Scott L. Kramer, P.C. The court has now denied plaintiffs motion to strike and/or open the judgment of non pros. There is no case remaining to defer.

## OPINION PER Pa.R.A.P. 1925

John Hart is appealing from the denial of his petition to strike and/or open judgment of non pros at control no. 11125288, and the dismissal of his motion to place case in deferred status at control no. 11125115. Mr. Hart filed his appeal on July 6, 2012, and included with it an unsolicited statement of matters complained of on appeal. None of the issues raised in Mr. Hart's statement have merit for the reasons set forth in this court's June 8, 2012, opinion, a copy of which is attached hereto and incorporated by reference.