J. S62040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL PECINA, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LAW OFFICES OF JOEL SANSONE, | : | No. 901 WDA 2019 |
| JOEL SANSONE, ESQUIRE, | : | |
| MASSIMO TERZIGNI, ESQUIRE | : | |

Appeal from the Order Entered May 23, 2019,
in the Court of Common Pleas of Allegheny County
Civil Division at No. GD-18-008012

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 25, 2020**

Paul Pecina, Jr., appeals **pro se** from the May 23, 2019 order[1] sustaining the preliminary objections of appellees, Law Offices of Joel Sansone, Joel Sansone, Esq., and Massimo Terzigni, Esq., and dismissing appellant's second amended complaint with prejudice.  After careful review, we affirm.

---

[1] We note that "an appeal may be taken of right from any final order of a government unit or trial court."  Pa.R.A.P. 341(a).  A final order is that which "disposes of all claims and of all parties . . . ."  Pa.R.A.P. 341(b)(1).  "As a general rule, where preliminary objections are sustained and a complaint is dismissed, the order sustaining the preliminary objections and dismissing the complaint is final and appealable."  **In re Nadzam**, 203 A.3d 215, 219 (Pa.Super. 2019) (citation omitted); **see also D'Elia v. Folino**, 933 A.2d 117, 121 (Pa.Super. 2007), **appeal denied**, 948 A.2d 804 (Pa. 2008). Accordingly, we may exercise jurisdiction over this appeal.

The trial court summarized the relevant procedural history of this case as follows:

> On June 22, 2018, [appellant] filed a [***pro se***] complaint in civil action against [appellees] raising one (1) count of legal malpractice.[2] On October 5, 2018, [appellees] filed preliminary objections to [appellant's] complaint. [Appellees'] preliminary objections were sustained and [appellant] was granted leave to amend his complaint. The December 5, 2018, order of court provided that the amended complaint was to include a certificate of merit.
>
> [Appellant] filed an amended complaint on February 4, 2019. [Appellees] filed preliminary objections to the amended complaint. By order dated March 29, 2019, the preliminary objections were sustained and [appellant] was granted leave to amend the complaint "with more specificity as to damages and the availability of job[s] and rehiring."
>
> [Appellant] filed a second amended complaint on April 4, 2019. [Appellees'] preliminary objections were sustained and [appellant's] second amended complaint was dismissed with prejudice by order of court filed May 23, 2019.

Trial court opinion, 8/1/19 at 2-3 (extraneous capitalization omitted).

Appellant filed a timely ***pro se*** notice of appeal to this court on June 20, 2019. On June 21, 2019, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed his Rule 1925(b) statement

---

[2] Specifically, appellant alleged that appellees provided negligent representation in his underlying employment discrimination action against his former employer, Veterans Affairs Pittsburgh HealthCare System ("VAPHS"). (***Pro se*** "Complaint in Civil Action," 6/22/18 at ¶¶ 39-86.)

on July 3, 2019, and the trial court filed its Rule 1925(a) opinion on August 1, 2019.

Preliminarily, we recognize that appellant's two-page, five-paragraph "Statement of the Question Involved" is in violation of Pa.R.A.P. 2116(a), which provides, in relevant part, as follows:

> **The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.** Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question.

Pa.R.A.P. 2116(a) (emphasis added). It is well settled that "although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010) (citations omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Id.* at 1211 (citation omitted); *see also* Pa.R.A.P. 2101. However, we decline to find waiver in this instance, as we are able to discern the crux of appellant's claim on appeal from the "Argument" section of his brief.

Appellant contends that the trial court abused its discretion in dismissing his second amended complaint with prejudice because appellees failed to raise all their preliminary objections at one time, in accordance with Pennsylvania Rule of Civil Procedure 1028(b). (Appellant's brief at 15.) Thus, appellant avers that appellees "waived the right to demur [the] complaint." (*Id.*) We disagree.

Our standard of review in determining whether a trial court erred in sustaining preliminary objections in the nature of a demurrer is well settled. "[A] trial court's decision to grant or deny a demurrer involves a matter of law, [and] our standard for reviewing that decision is plenary." ***Donaldson v. Davidson Bros.***, 144 A.3d 93, 100 (Pa.Super. 2016) (citations omitted), ***appeal denied***, 169 A.3d 11 (Pa. 2017).

> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections.

***Stewart v. FedEx Exp.***, 114 A.3d 424, 426 (Pa.Super. 2015) (citations omitted), ***appeal denied***, 126 A.3d 1285 (Pa. 2015). "The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven." ***Barton v. Lowe's***

***Home Centers, Inc.***, 124 A.3d 349, 354 (Pa.Super. 2015) (citation omitted). Additionally, we "will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Id.***

After a thorough review of the record, we discern no abuse of discretion on the part of the trial court in sustaining appellees' preliminary objections and dismissing appellant's second amended complaint with prejudice. Our review of the record reveals ample support for the trial court's determination that appellant failed to plead facts in his second amended complaint sufficient to prove actual damages required for a viable legal malpractice claim. It is well settled that a legal malpractice claim may be brought by an aggrieved client in either tort or contract. ***Wachovia Bank, N.A. v. Ferretti***, 935 A.2d 565, 570 (Pa.Super. 2007). "The elements of a legal malpractice action, sounding in negligence, include: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff." ***Id.*** at 570-571 (citations and internal quotation marks omitted).

> In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that **he had a viable cause of action against the party he wished to sue in the underlying case** and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a "case within a case").

***Sabella v. Estate of Milides***, 992 A.2d 180, 187 (Pa.Super. 2010) (citation omitted; emphasis added), ***appeal denied***, 9 A.3d 631 (Pa. 2010).

Here, the trial court dismissed appellant's second amended complaint with prejudice only after appellant was afforded multiple opportunities to amend his complaint by pleading facts sufficient to prove he would have been hired by the VAPHS but for appellees' legal malpractice. The trial court reasoned in its opinion as follows:

> The Court sustained [appellees'] preliminary objections to [appellant's] second amended complaint because [appellant] failed to allege actual damages after having been given the opportunity to amend his complaint three (3) times. The Court found that [appellant] failed to comply with the order of March 29, 2019, which required that [appellant] plead with specificity regarding damages and the "availability of [a job] and rehiring." The Court agreed with [appellees] that [appellant] failed to allege that he would have been hired as a plumber absent [appellees'] alleged malpractice.

Trial court opinion, 8/1/19 at 3-4 (extraneous capitalization omitted). We agree with this assessment.

Contrary to appellant's contention, the record further reflects that appellees' pleadings satisfied the requirements of Pa.R.Civ.P. 1028(b). Rule 1028(b) provides, in relevant part, that "[a]ll preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent." Pa.R.Civ.P. 1028(b). Here, appellees filed preliminary objections on three occasions, each time after appellant was given the opportunity to amend his complaint. In each pleading, appellees'

preliminary objections alleged the legal insufficiency of appellant's complaint. (**See** "Preliminary Objections to [Appellant's] Complaint," 10/5/18 at ¶ 9; "Preliminary Objections to [Appellant's] Amended Complaint," 2/25/19 at ¶ 6; "Preliminary Objections to [Appellant's] Second Amended Complaint," 4/23/19 at ¶ 7.) "Preliminary objections in the nature of a demurrer test **the legal sufficiency of the complaint**." *Richmond v. McHale*, 35 A.3d 779, 783 (Pa.Super. 2012) (citation omitted; emphasis added). Accordingly, Rule 1028(b) was clearly not violated in this case, and appellees did not waive their right to demurrer.

Based on the foregoing, we affirm the trial court's order sustaining appellees' preliminary objections and dismissing appellant's second amended complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2020