J-A23017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAY BAUER, KEVIN CHOWNS, & THE CHOWNS GROUP, LLC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1613 MDA 2022 |
| JEFF DAMON, BERKS TRANSFER, INC., ROBERT T. MILLS, DAVID R. DAUTRICH, ESQ., P.C., AND SHAWN WATSON | : | |

Appeal from the Order Entered September 20, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
2022-09711

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY McLAUGHLIN, J.:                     **FILED: JANUARY 25, 2024**

Jay Bauer, Kevin Chowns, and The Chowns Group, LLC (collectively, "Plaintiffs") were defendants in a prior action. In this action, they asserted the prior action was a wrongful use of civil proceedings and sued Jeff Damon, Berks Transfer, Inc. ("Berks Transfer"), Robert T. Mills ("Attorney Mills"), David R. Dautrich, Esq., P.C. ("the Dautrich Law Firm"), and Shawn Watson (collectively, "Defendants"). Defendants demurred to the complaint, and the trial court sustained the demurrer and dismissed the complaint. We affirm that order. One of Defendants, the Dautrich Law Firm, has sought an award of attorneys' fees on appeal. We deny that request.

_____

* Former Justice specially assigned to the Superior Court.

In the underlying action, Berks Transfer brought claims of breach of contract, unjust enrichment, and fraud against Keystone Waste Disposal, LLC ("Keystone Waste Disposal"). Berks Transfer alleged Keystone Waste Disposal owed it money for accepting trash that Keystone Waste Disposal had collected. In addition to naming Keystone Waste Disposal as a defendant, Berks Transfer named as defendants Keystone Waste Disposal's individual owners—Bauer, Watson, and Chowns—as well as a company owned by Chowns—The Chowns Group, LLC.

Bauer, Chowns, and The Chowns Group filed preliminary objections on the basis that they could not be held liable for Keystone Waste Disposal's breach of contract, because they were not owners of Keystone Waste Disposal when it had done business with Berks Transfer. The court denied the preliminary objections as to Bauer and Chowns, who remained defendants throughout the proceedings. The claims against The Chowns Group were discontinued.

The matter went to compulsory arbitration. A $28,115.80 award was entered in favor of Berks Transfer and against Keystone Waste. A defense verdict was entered in favor of Bauer, Watson, and Chowns.

Plaintiffs initiated the instant action by filing a complaint bringing three counts of wrongful use of civil proceedings.[1] In addition to naming Berks Transfer as defendant, Plaintiffs also named as defendants Damon (as general

---

[1] Plaintiffs brought one count for Defendants' wrongful use of civil proceedings against Bauer, one count for Chowns, and one count for The Chowns Group.

manager of Berks Transfer), Attorney Mills (as counsel for Berks Transfer), the Dautrich Law Firm (as counsel for Berks Transfer), and Watson (as principal of Keystone Waste).

The complaint alleged that Defendants had brought the underlying action in a grossly negligent manner, without probable cause, and with the intent of harming Plaintiffs' business and reputations. The complaint asserted that Defendants had no reason to name Bauer, Chowns, and The Chowns Group as defendants in the underlying action because Berks Transfer had contracted with Keystone Waste Disposal before Bauer and Chowns became owners. It further alleged that the principal of Berks Transfer told the trial court, on the telephone, during a status conference, that Berks Transfer had named the individual owners of Keystone Waste Disposal as defendants "to provide additional 'leverage' to aid [Berks Transfer] in its efforts to collect the alleged debt." Complaint, 5/31/22, at ¶ 37. The complaint also contended Defendants brought the underlying action to force Plaintiffs to settle other litigation. *Id.* at ¶ 62 n.2 (citing nine unrelated cases).

The complaint also alleged Watson had engaged in unscrupulous business practices; deceived Bauer and Chowns as investors in Keystone Waste Disposal; defrauded investors in other companies he owned; filed a frivolous shareholder derivative action against Bauer and Chowns; and colluded with Damon to offer false evidence in the underlying action. *Id.* at ¶¶ 22-25, 28-32. The complaint stated that Keystone Waste Disposal was

insolvent both before and after Bauer and Chowns became owners. *Id.* at ¶¶ 20, 27.

Defendants filed preliminary objections in the nature of demurrer. The objections were considered by the same trial judge as had presided over the underlying action.

The court heard argument and sustained the preliminary objections. The court found the complaint did not adequately allege that Defendants had brought the underlying action for an illegitimate purpose or without probable cause because the relationships between the individual defendants and Keystone Waste Disposal had been "sufficiently complicated" to warrant their inclusion in the underlying action:

> The instant underlying collection action involved corporate and individual defendants whose interrelationships are sufficiently complicated to cast great doubt on any assertion of malicious intent to explain any errors of inclusion of parties. Although the arbitrators in the collection case entered the award in favor of [Berks Transfer] against only [Keystone Waste Disposal] but in favor of all the individual [d]efendants, the entry of a substantial award by the arbitrators and the absence of any appeal from it indicates legitimacy of the action against the corporate defendants with whom some relationship existed with the named individuals. One thing all the parties agreed upon is that these complicated relationships are the subject of litigation in other counties regarding issues and evidence not before this [c]ourt. The instant Complaint fails to establish any of the necessary elements of an abuse-of-process claim for wrongful use of civil proceedings. Consisting of more than 50 paragraphs, the Complaint is largely comprised of factual allegations, many of which are scandalous and impertinent, legal conclusions and background information related to the prior collection dispute and cases pending in other jurisdictions but having

> > little if any relevance to the instant action, particularly the requisite elements of illegitimate purpose or lack of probable cause to support the underlying case.

Trial Court Opinion, 1/10/23, at 6-7.

Plaintiffs filed a motion for reconsideration, which was denied as a matter of law. Plaintiffs timely appealed. They raise the following issues:

> 1. Did the Appellants/Plaintiffs state a claim against the Appellees/Defendants for wrongful use of civil proceedings under the Dragonetti Act, 42 Pa.C.S.A. § 8351, et. seq., where the Complaint alleged that Defendants lacked probable cause and acted with improper purpose in initiating and continuing the underlying debt collection against [Appellants] in ***Berks Transfer Inc. v. Jay Bauer, et al.***, No. 22-09711 (Berks County Court of Common Pleas)?

> 2. Did the Trial Court commit an error of law in sustaining preliminary objections in the nature of a demurrer as to Plaintiffs/Appellants['] Dragonetti claim where the trial court took judicial notice of extraneous facts from the proceedings in ***Berks Transfer Inc. v. Jay Bauer, et al.***, No. 19-12671 (Berks County Court of Common Pleas)[,] which were neither pled in Plaintiff's Complaint or raised in Defendants/Appellees' Preliminary Objections?

Plaintiffs' Br. at 3-4 (suggested answers omitted).[2]

Turning to Plaintiffs' second issue first, Plaintiffs make no argument in the body of their brief challenging the trial court's consideration of the record of the underlying action. We therefore find this issue waived. ***See Commonwealth v. Woodard***, 129 A.3d 480, 502 (Pa. 2015).

As for Plaintiffs' first issue, Defendants argue that Plaintiffs waived it because it is not included in their Pa.R.A.P. 1925(b) concise statement of

---

[2] Plaintiffs' brief is not divided into arguments corresponding to the questions involved, in violation of Pa.R.A.P. 2119(a). The violation has not impeded our review, and we will not find waiver.

errors complained of on appeal. Defendants assert the Rule 1925(b) statement does not raise the specific issue of whether Plaintiffs adequately pleaded the improper purpose and probable cause elements of a wrongful use of civil proceedings claim.

In its opinion, the trial court stated it "had a difficult time ascertaining the nature of Plaintiffs' claims of error" from their Rule 1925(b) statement and that the claims the court did not address had been pleaded "with such vagueness as to warrant waiver." Trial Ct. Op. at 3. However, the court "analyze[d] the core issue of whether it committed an abuse of discretion or an error of law by sustaining Defendant's Preliminary Objections in the Nature of Demurrer and dismissing Plaintiffs' Complaint." *Id.* at 3-4. The court explained its reasons for finding that Plaintiffs had failed to plead the elements of a wrongful use of civil proceedings claim, including the elements of improper purpose and lack of probable cause.

We decline to find waiver. Plaintiffs raised seven issues in their concise statement, the bulk of which they have abandoned on appeal.[3] Plaintiffs now

---

[3] Plaintiffs raised the following issues in their Rule 1925(b) statement:

> 1. Did the Court abuse its discretion in failing to hold an evidentiary hearing on claims where Plaintiffs had raised genuine issues of material fact that entitle them to relief?

> 2. To the extent there existed a question of fact as to the existence of probable cause, or lack thereof, whether that question should have been construed in favor of the Plaintiffs, where the Plaintiffs averred there was no probable cause?

*(Footnote Continued Next Page)*

pursue only whether the complaint sufficiently alleged the elements of a wrongful use claim. This issue was sufficiently suggested by and subsidiary to the first two issues in Plaintiffs' Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(v). Indeed, the trial court addressed that issue. We will not find Rule 1925(b) waiver.

Substantively, Plaintiffs argue in their first issue that the court erred by failing to accept the complaint's allegations as true, as required on preliminary objections. Plaintiffs argue their complaint sets forth a claim for wrongful use of civil proceedings, because it alleges Defendants either brought or prolonged

_____

3. Whether there is a genuine issue of material fact as to the involvement of Defendants Shawn Watson and David Dautrich, Esq. in the procurement, initiation, or continuation of civil proceedings for an improper purpose?

4. To the extent the Courts' Orders were in any way influenced on the fact the Honorable Madelyn Fudeman having presided over the underlying case in this matter, whether she should have recused herself based on apparent bias and her manifest prejudice against Plaintiffs?

5. Whether the Court erred in dismissing the Complaint and holding that Defendants are not liable under the Pennsylvania Dragonetti Act because, as the Court stated "it is not a loser pays rule" (paraphrasing) [sic]?

6. Did the Court err in dismissing Plaintiffs claim because it deemed Defendants' counsel, Robert Mills's was merely inept and his lack of legal ability made him less culpapble [sic] under Dragonetti and therefore require reversal of the Orders dismissing Plaintiffs' Complaint?

7. Did the Court err in improperly considering the inflammatory and prejudicial averments included in Defendants' underlying action?

Concise Statement of Errors, 12/16/22, at ¶¶ 1-7.

the underlying action without probable cause or in a grossly negligent manner, and for the purpose of harassing or injuring Plaintiffs. Plaintiffs point out the complaint alleges that Berks Transfer had a contract with Keystone Waste, not Plaintiffs, and that Defendants therefore lacked probable cause to name them as defendants in the underlying action. Plaintiffs also point out the complaint alleges the principal of Berks Transfer admitted during the underlying action that Berks Transfer had only named Plaintiffs as defendants "to provide additional leverage" against Keystone Transfer. Plaintiffs' Br. at 10. Plaintiffs contend the underlying action "asserted baseless, vague and unfounded allegations which Berks [Transfer] was unable to prove at arbitration. The underlying action was emblematic of the illegal debt collection activities that occur in courtrooms across the United States today." *Id.* at 11.

"We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion." *Lerner v. Lerner*, 954 A.2d 1229, 1234 (Pa.Super. 2008) (citation omitted). Our scope of review is plenary. *Id.*

A preliminary objection in the nature of a demurrer may be sustained where the complaint fails to set forth a valid cause of action. *Id.* at 1235; *see also* Pa.R.C.P. 1028(a)(4). The court must take all material facts set forth in the complaint, and all reasonable inferences therefrom, as true, and determine whether recovery is possible under the law. *See Lerner*, 954 A.2d at 1234. The court is to disregard any conclusions of law and may not supply facts that were omitted. *Id.* at 1235. "Where a doubt exists as to whether a

*demurrer* should be sustained, this doubt should be resolved in favor of overruling it." ***Id.*** at 1234 (citation omitted).

The statute prohibiting wrongful use of civil proceedings[4] provides as follows:

> **§ 8351. Wrongful use of civil proceedings**
>
> **(a) Elements of action.--**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> > (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> >
> > (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a). In other words, a plaintiff asserting wrongful use of civil proceedings must allege three elements: "1) the underlying proceedings were terminated in their favor; 2) defendants caused those proceedings to be instituted against plaintiffs without probable cause [or in a grossly negligent manner]; and 3) the proceedings were instituted primarily for an improper [purpose]." ***Sabella v. Estate of Milides***, 992 A.2d 180, 188 (Pa.Super. 2010).

---

[4] Sections 8351 through 8354 of the Judicial Code are commonly referred to as "the Dragonetti Act." ***See Raynor v. D'Annunzio***, 243 A.3d 41, 43 (Pa. 2020).

Regarding the second element—gross negligence or lack of probable cause—"gross negligence" is defined as "the want of even scant care," or "a lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party, who may typically recover exemplary damages." **Hart v. O'Malley**, 781 A.2d 1211, 1218 (Pa.Super. 2001). "Probable cause" is statutorily defined for purposes of the Dragonetti Act:

**§ 8352. Existence of probable cause**

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

> (1) reasonably believes that under those facts the claim may be valid under the existing or developing law;

> (2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

> (3) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S.A. § 8352. Under these definitions, attorneys are not liable for wrongful use of civil proceedings so long as they "believe[] that there is a slight chance that [their] client[s'] claims will be successful[.]" **Keystone Freight Corp. v. Stricker**, 31 A.3d 967, 973 (Pa.Super. 2011) (citation omitted). Attorneys "can safely act upon the facts stated by their clients." **Id.** (citation omitted). The third element required to prove a wrongful use claim—

improper purpose—may be inferred from want of probable cause. ***See Miller v. St. Luke's Univ. Health Network***, 142 A.3d 884, 898 (Pa.Super. 2016).

We affirm the trial court. Even taking the allegations of the complaint as true, and making all reasonable inferences in Plaintiffs' favor, those allegations fail to state a claim for wrongful use of civil proceedings. It is true that the complaint alleges that Plaintiffs were not owners of Keystone Waste Disposal when it contracted with Berks Transfer, and that Defendants added them to the lawsuit for leverage. However, Plaintiffs do not allege that Defendants knew or should have known that Plaintiffs did not own Keystone Waste Disposal at the relevant time, much less any facts supporting such a conclusion. Indeed, the complaint alleges that Keystone Waste Disposal had been less-than-above board in its business dealings at the time Plaintiffs became involved with it. The complaint fails to allege facts that would support a conclusion that Defendants lacked probable cause to include Plaintiffs in the underlying suit or were grossly negligent in doing so.

Moreover, the complaint also states that the court overruled preliminary objections to the inclusion of Bauer and Chowns in the underlying suit. In other words, the plaintiffs set forth sufficient facts to hold them liable for Keystone Waste Disposal's breach of contract. Although the individual defendants were ultimately found to not be liable, this does not evince that there was a lack of probable cause or that it was grossly negligent to name them as defendants. The trial court properly sustained the demurrer. ***See***

*Lerner*, 954 A.2d at 1239 (affirming dismissal of complaint where facts as pled failed to establish lack of probable cause).

Defendants additionally argue that Watson could not be liable for wrongful use of civil proceedings because he was a defendant, rather than plaintiff, in the underlying action and that the wrongful use of civil proceedings claim is premature because the arbitration award has never been reduced to judgment. As we affirm the trial court's order for the above reasons, we need not address these arguments.

In its brief, the Dautrich Law Firm has requested attorneys' fees. It argues that it could not have been liable for wrongful use of civil proceedings because it was not involved in the underlying action, as is evidenced by the publicly accessibly docket sheet. It notes that the trial court dismissed the complaint against it with prejudice. The Dautrich Law Firm contends this appeal of that order is frivolous.

Rule 2744 provides this Court may award counsel fees "as may be just," if we determine "that that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. While we affirm the trial court's finding that the complaint failed to allege a sustainable wrongful use of civil proceedings claim, we do not find this appeal meets Rule 2744's standard. We therefore deny the request for attorneys' fees.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/25/2024