**Frank and Jean QUATE, Appellants,**

v.

**AMERICAN STANDARD,
INC., et al., Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 2002.

Filed Feb. 20, 2003.

---

Marla A. Macey, Philadelphia, for appellant.

Daniel J. Ryan, Philadelphia, for appellee.

Before JOHNSON, BENDER, and POPOVICH, JJ.

OPINION BY JOHNSON, J.:

¶ 1 In this case, we determine whether a plaintiff suffering from multiple medical ailments, including asbestosis, can establish his right to relief based on his asbestos-related disease where his symptoms including shortness of breath, are equally consistent with both asbestosis and his other ailments. The trial court determined that Frank Quate's multiple medical conditions made it impossible to causally relate his shortness of breath to any particular asbestos-related medical condition and thus, granted American Standard, Inc.'s ("American") motion for summary judgment and dismissed the case based on *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880, 889 (1993) (concluding that an individual with pleural thickening, without disabling consequences or manifest physical symptoms did not have a compensable injury). Upon careful review, we hold that where a plaintiff suffers from a non-asbestos-related medical condition, the symptoms of which are consistent with medical conditions arising from exposure to asbestos, the existence of those non-asbestos-related medical conditions negate his ability to establish the necessary causal link between his symptoms and asbestos exposure. Under these circumstances, summary judgment is proper. Accordingly, we affirm the trial court's order.

¶ 2 The record establishes the following facts and procedural history. The Quates commenced the instant civil action by com-

plaint in the Philadelphia County Court of Common Pleas on December 14, 2000. The complaint alleged that Frank Quate contracted asbestos-related pleural disease as a result of occupational exposure to asbestos and thus sought damages from various defendants. Mr. Quate was employed as a plumbing supply clerk for L.E. Winter in Philadelphia from November of 1946 until August of 1950 and Broudy Supply Company in Philadelphia from 1950 to 1975. In the complaint, the Quates allege that Mr. Quate was exposed to asbestos-containing products manufactured, supplied, and distributed by American Standard during the course of his employment at both jobs. In support of their allegations, the Quates submitted the expert report of pulmonologist Dr. Stanley Altschuler, who examined Mr. Quate and diagnosed him with asbestosis, which is pneumoconiosis caused by the inhalation of asbestos fiber dust, and asbestos-related pleural disease. Dr. Altschuler's report also indicated that Quate is currently being treated for diabetes, hypertension and a prostate condition. The report notes that Quate underwent aortic valve replacement surgery in March of 2001 and has been treated for pneumonia and pleurisy in the past. Additionally, the report states that Quate smoked one to two packs of cigarettes daily for about ten years before quitting forty-five years ago. The report lists shortness of breath with exertion and dry cough as the symptoms of Quate's asbestos-related ailments.

¶ 3 Shortly after deposing Mr. Quate, American filed a motion for summary judgment. The trial court granted the motion and dismissed the Quates' complaint without prejudice. The Quates now appeal and raise for our determination the following issue:

> Did the lower court commit an error of law in finding that Plaintiff, Frank Quate does not suffer from a compensable asbestos related disease and dismissing his case based on *Giffear v. John[s]-Manville Corp., et al.,* 429 Pa.Super. 327, 632 A.2d 880 (1993), affirmed *Simmons v. Pacor, Inc.,* 543 Pa. 664, 674 A.2d 232 (1996).

Brief for Appellant at 5.

¶ 4 A party may move for summary judgment when "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.Civ.P. 1035.2(2). "The moving party has the burden of proving the nonexistence of any genuine issue of material fact. The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Rapagnani v. Judas Co.,* 736 A.2d 666, 668 (Pa.Super.1999) (quoting *Salazar v. Allstate Ins. Co.,* 549 Pa. 658, 702 A.2d 1038, 1040 (1997)).

¶ 5 This Court will overturn an order granting summary judgment only where the trial court has "committed an error of law or abused its discretion." *Wilson v. A.P. Green Industries, Inc.,* 807 A.2d 922, 924 (Pa.Super.2002) (quoting *Murphy v. Duquesne Univ. of the Holy Ghost,* 565 Pa. 571, 777 A.2d 418, 429 (2001)). Summary judgment is proper where there is "no genuine issue of any material fact as to a necessary element of the cause of action." Pa.R.C.P. 1035.2(1); *see also Murphy,* 777 A.2d at 429. In reviewing such a grant, we must view the record in the light most favorable to the non-moving party, and resolve all doubts in favor of the non-moving party. *See Wilson,* 807 A.2d at 924. Our scope of review is plenary. *See Henninger v. State*

*Farm Ins. Co.,* 719 A.2d 1074, 1076 (Pa.Super.1998).

¶ 6 The Quates contend that the trial court erred when it concluded that Mr. Quate's asbestosis, asbestos-related pleural disease and accompanying shortness of breath were not compensable asbestos related ailments. Brief for Appellant at 16. We find the Quates' assertions unpersuasive. This Court's decision in *Giffear* marked a noteworthy change in the field of asbestos litigation. Prior to *Giffear*, plaintiffs who suffered from asymptomatic pleural thickening could recover for the non-malignant affliction and subsequently could bring a cause of action for any malignancy, such as cancer. *See Marinari v. Asbestos Corp.,* 417 Pa.Super. 440, 612 A.2d 1021, 1023 (1992). In *Giffear* we overruled *Marinari* and specifically concluded that asymptomatic pleural thickening, absent disabling consequences or manifest physical symptoms, does not constitute an injury sufficient to bring about a legal cause of action. *See Giffear,* 632 A.2d at 886. Moreover, we emphasized that when a plaintiff suffers from "discernible physical symptoms, a functional impairment or disability" resulting from asbestos exposure, the law would "clearly recognize that his injury would entitle him to an award of damages." *Id.* at 887. However, where a plaintiff is able to lead an active, normal life, with no pain or suffering, no loss of organ function, and no disfigurement due to scarring, he does not have a compensable injury. *See Lonasco v. A–Best Products Co.,* 757 A.2d 367, 372 (Pa.Super.2000). Thus, a plaintiff diagnosed with an asbestos-related disease must suffer discernible physical symptoms to have a compensable injury. *Id.,* 632 A.2d at 889. Moreover, this Court has determined that shortness of breath alone is not a compensable injury under *Giffear* because it is not a discernible physical symptom, a functional impairment, or a disability. *Taylor v. Owens–Corning Fiberglas Corp.,* 446 Pa.Super. 174, 666 A.2d 681, 687 n. 2 (1995) (concluding that shortness of breath alone is not compensable in light of the facts that breathlessness is also associated with numerous non-asbestos related ailments, including lung cancer, excessive cigarette smoking, heart disease, obesity, asthma, emphysema and allergic reactions).

¶ 7 In the present case, the trial court concluded that Quate's medical history and breadth of medical ailments, which include diabetes, prostate cancer and heart disease, made it impossible to causally relate Quate's shortness of breath to any particular medical condition that Quate has or to any physical restriction that he experiences. Trial Court Opinion, 7/8/02, at 4. We agree. This Court has consistently concluded that asymptomatic asbestos-related diseases do not give rise to a compensable injury where the claimant does not suffer from a discernible physical symptom, a functional impairment, or a disability. *See Giffear,* 632 A.2d at 888 (concluding that it would be unfair to compensate a plaintiff for an ailment that has not yet manifested itself into a functional impairment); *see also Taylor,* 666 A.2d at 687–688 (concluding that appellants' asymptomatic asbestos-related diseases and accompanying shortness of breath did not give rise to compensable injuries because they did not suffer any discernible physical symptoms or functional impairment, were able to lead active, normal lives and did not suffer pain, loss of organ function or other manifestations of asbestosis).

¶ 8 In the present case, Mr. Quate suffers from several medical conditions that could account for his breathlessness. During his deposition testimony, Quate stated that his diabetes causes pain and numbness in his legs when he walks or ascends

stairs, which are often times when he suffers breathlessness. N.T., 4/11/02, at 103. Quate also testified that his breathing improved after his aortic valve surgery in March 2001. N.T., 4/11/02, at 104. Quate also testified that his asbestos-related medical conditions do not limit his ability to attend to his daily activities. In light of Quate's testimony and medical history, we are constrained to conclude that the record does not substantiate the existence of any discernible physical symptoms or functional impairment as a result of Quate's asbestos-related conditions such as to raise a question of material fact. Accordingly, we conclude that the trial court did not err when it declared that Quate's asbestos-related ailments and shortness of breath did not give rise to a compensable injury and granted American's motion for summary judgment.

¶ 9 In their brief, the Quates contend that our decision in *Lonasco*, which affirmed an award of damages for a plaintiff who suffered from asbestosis, pleural thickening, plaque formation and accompanying shortness of breath, lends support to their contention that a diagnosis of asbestosis coupled with shortness of breath constitutes a symptomatic condition of asbestos exposure. Brief for Appellant at 11 (citing *Lonasco*, 757 A.2d at 373). However, the Quates' reliance on *Lonasco* is misplaced, as that case is distinguishable from the present. In *Lonasco* the claimant did not suffer from the myriad of medical ailments that have plagued Mr. Quate, and thus, the claimant's symptoms could not be associated with any ailments other than those related to asbestos exposure. *See id.* Moreover, in *Lonasco* this Court affirmed the jury's conclusion that the claimant's injuries were a functional impairment because the injuries prevented him from working and attending to his daily activities. *See id.* at 374. In this instant case, Mr. Quate suffers from numerous condi-

tions that could cause shortness of breath. Moreover, Quate testified that his shortness of breath neither prevents him from functioning nor restricts his daily activities. Thus, we conclude that the factual distinctions between *Lonasco* and the present case eviscerate the Quates' contentions. Accordingly, we affirm the trial court's order granting American's motion for summary judgment and dismissing the Quates' complaint without prejudice.

¶ 10 For the foregoing reasons, the trial court's order is affirmed.

¶ 11 Order AFFIRMED