J-A20013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| ZACHARY DOWELL | : | |
| | : | |
| Appellant | : | No. 1855 MDA 2016 |

Appeal from the Judgment October 14, 2016
In the Court of Common Pleas of Perry County
Civil Division at No(s):  2014-873

BEFORE:   GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:              **FILED AUGUST 07, 2017**

Appellant, Zachary Dowell, appeals *pro se* from the judgment entered in the Perry County Court of Common Pleas against Appellant and in favor of Appellee, Bayview Loan Servicing, LLC, in this mortgage foreclosure action. We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. In September 2012, Appellant executed and delivered a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS").  MERS assigned the mortgage, in July 2014, to Wells Fargo Bank, N.A., which filed a mortgage foreclosure complaint against Appellant on October 20, 2014.  In April 2016, the mortgage was assigned to Appellee.  Appellee filed a *praecipe* for voluntary substitution of party plaintiff, on July 29, 2016, and a motion for summary judgment, on September 16, 2016.  Appellant filed a response to Appellee's summary judgment motion on October 13, 2016.  On

October 14, 2016, the court granted Appellee's motion for summary judgment. On Monday, November 14, 2016, Appellee filed both a timely notice of appeal and a motion for reconsideration of the court's October 14th order. The court did not order and Appellant did not file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Initially, we observe:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.
>
> … The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Lineberger v. Wyeth*, 894 A.2d 141, 145-46 (Pa.Super. 2006) (internal citations and quotation marks omitted). "The question of whether there exist any genuine issues of material fact is subject to a *de novo* standard of review." *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 587 (Pa.Super. 2013) (citing *Drelles v. Manufacturers Life Ins. Co.*, 881 A.2d 822, 830-31 (Pa.Super. 2005)).

> With regard to expert opinions in the context of summary judgment, our Supreme Court said:
>
> > It has long been Pennsylvania law that, while conclusions recorded by experts may be disputed, the credibility and weight attributed to those

conclusions are not proper considerations at summary judgment; rather, such determinations reside in the sole province of the trier of fact…. …

At the summary judgment stage, a trial court is required to take all facts of record, and all reasonable inferences therefrom, in a light most favorable to the non-moving party. This clearly includes all expert testimony and reports submitted by the non-moving party or provided during discovery; and, so long as the conclusions contained within those reports are sufficiently supported, the trial judge cannot *sua sponte* assail them in an order and opinion granting summary judgment. Contrarily, the trial judge must defer to those conclusions, …and should those conclusions be disputed, resolution of that dispute must be left to the trier of fact.

*DeArmitt, supra* at 595-96 (quoting *Glaab v. Honeywell Intern., Inc.*, 56 A.3d 693, 697–98 (Pa.Super. 2012) (quoting *Summers v. Certainteed Corp.*, 606 Pa. 294, 309–10, 997 A.2d 1152, 1161 (2010) (internal citations and quotation marks omitted)). In other words, "The credibility and weight to be attributed to the [expert's] conclusions [are] not proper considerations at summary judgment." *DeArmitt, supra* at 598.

Pennsylvania Rule of Appellate Procedure 903 sets forth the time in which an appellant must file a notice of appeal and provides in relevant part:

**Rule 903. Time for Appeal**

**(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a). Rule 1701 enumerates the actions a trial court has

authority to perform, once a party initiates an appeal, and states in relevant part as follows:

**Rule 1701.  Effect of Appeal Generally**

**(a)  General rule**.  Except as otherwise prescribed by these rules, after an appeal is taken…, the trial court…may no longer proceed further in the matter.

**(b)  Authority of a trial court or agency after appeal.** After an appeal is taken…, the trial court…may:

(1)  Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in *forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

\*     \*     \*

(3)  Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i)   an application for reconsideration of the order is filed in the trial court…within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court…within the time prescribed by these rules for the filing of a notice of appeal…with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(a), (b)(1), (b)(3).  In other words, if a party files a notice of appeal, the trial court generally lacks jurisdiction to act further on the merits of the case.  Pa.R.A.P. 1701(a).  The trial court, however,

has  inherent  power  to  amend  its  records,  to  correct

- 4 -

mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record at any time. However, [a] major substantive change, such as the total withdrawal of an order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court or the court's statutory authority. Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (*e.g.*, wrong dates) but no substantive changes can be made.

***Manufacturers & Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 921 (Pa.Super. 2015) (internal citations and quotation marks omitted).

Nevertheless, "even if an appeal is timely filed, a court may grant a party's motion to reconsider a final order, but only if (1) a motion to reconsider is filed within the appeal period; **and** (2) the court expressly grants reconsideration within the appeal period. Pa.R.A.P. 1701(b)(3). If a court fails to act on a timely reconsideration motion within the appeal period, it loses jurisdiction to do so." ***Manufacturers & Traders Trust Co., supra*** at 918 (emphasis added).

Additionally, Section 5505 of the Judiciary Code governs modification of orders, and provides:

### § 5505. Modification of orders

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

> Under [S]ection 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration. [T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order. The mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period. If the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the [motion] and the original order.

***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 226 (Pa.Super. 2007) (internal citations and quotation marks omitted).

Instantly, the court granted summary judgment in favor of Appellee on October 14, 2016. Appellant filed both a notice of appeal and a motion for reconsideration on Monday, November 14, 2016, the last day on which Appellant could file a timely notice of appeal or the trial court could modify the October 14th order. **See** Pa.R.A.P. 903, ***supra***; 42 Pa.C.S.A. § 5505, ***supra***. The trial court indicates it realized, after Appellant had filed his reconsideration motion, that the court had inadvertently overlooked Appellant's response to Appellee's summary judgment motion. (**See** Memorandum, filed 11/30/16, at 1 unpaginated; Memorandum, filed 12/14/16, at 1.) Appellant attached to his response the report of a forensic handwriting expert, who opined Appellant's signature on the note was a forgery. The trial court, however, lost jurisdiction to rule on Appellant's reconsideration motion and modify its October 14th order because: (1) Appellant filed a timely notice of appeal; **and** (2) the court did not expressly

grant reconsideration on or before November 14, 2016. ***See***

***Manufacturers & Traders Trust Co., supra***; ***PNC Bank, N.A., supra***.

As a result, the trial court stated:

> [Appellant] submitted a response to [Appellee's] Motion for Summary Judgment, which set forth a specific fact creating a genuine issue of material fact. [Appellant] presents evidence of a handwriting expert that the signatures on the note were forged, including [Appellant's] own signature. It is not for this [c]ourt to determine the validity of this expert or his testimony, but rather to determine if the facts create a genuine issue. Here, there is a genuine issue as to the signature. If the signature is a forgery, the note and the default of said note would have no effect on [Appellant].
>
> Based on the pleadings presented to this [c]ourt, it is determined that [Appellant] has met his burden of proving that there is a genuine issue of material fact and that summary judgment should not have been granted.

(***See*** Trial Court Opinion, filed 12/16/16, at 3-4, unpaginated.) ***See also***

***DeArmitt, supra***; ***Lineberger, supra***. In light of the post-judgment

posture of this case, the trial court has asked us to vacate and remand the

matter for further action. In accord with the court's request, we vacate and

remand for further proceedings.[1]

Judgment vacated; case remanded for further proceedings.

Jurisdiction is relinquished.

_____

[1] Due to the disposition of this appeal, we deny as moot Appellant's open motion to move his case from #13 to #1 on the list for oral argument.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/7/2017</u>